UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>JAMES HENDERSON ARCHER,<br><br>　　　　　Defendant. | CR. 16-50024-02-JLV<br><br><br>ORDER |

**INTRODUCTION**

On June 8, 2016, defendant James Archer filed a motion to sever his trial from that of his codefendant Ronald Swallow. (Docket 33). The government resists Mr. Archer's motion. (Docket 35). Mr. Archer filed a reply brief on June 15, 2016. (Docket 36). At the time Mr. Archer filed his motion to sever, he was charged with one count of aiding and abetting in the interference with commerce by robbery in violation of 18 U.S.C. §§ 1951 & 2. (Docket 2 at p. 4) (count VI). The remaining six counts of the seven-count indictment were against Mr. Swallow only. (Docket 2). On June 21, 2016, a seven-count superseding indictment was filed against Mr. Archer and Mr. Swallow in this case. (Docket 38). Mr. Archer was charged again with aiding and abetting in the interference with commerce by robbery in violation of 18 U.S.C. §§ 1951 & 2 and also with aiding and abetting in the use and brandishing of a firearm during the commission of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. (Docket 38 at pp. 4-5) (counts VI and VII). Magistrate Judge Daneta Wollmann held an initial appearance, arraignment and detention hearing for Mr.

Archer after the filing of the superseding indictment. (Docket 45). The court resolves Mr. Archer's motion to sever based on the charges contained in the superseding indictment.

## DISCUSSION

"When a defendant moves for a severance, a district court must first determine whether joinder is proper under Federal Rule of Criminal Procedure 8." United States v. Darden, 70 F.3d 1507, 1526 (8th Cir. 1995). "If joinder is proper, the court still has discretion to order a severance under Federal Rule of Criminal Procedure 14." These rules are to be 'liberally construed in favor of joinder.'" Id. (quoting United States v. Rimell, 21 F.3d 281, 288 (8th Cir. 1994)). The United States Court of Appeals for the Eighth Circuit instructs "[j]oinder must be viewed on a case by case basis." Haggard v. United States, 369 F.2d 968, 974 (8th Cir. 1966).

"The propriety of joinder is to be determined from the face of the indictment. . . . The factual allegations in the indictment must be accepted as true." United States v. Massa, 740 F.2d 629, 644 (8th Cir. 1984), (internal citations omitted),*overruled on other grounds by* United States v. Gardner, 447 F.3d 558, 560-61 (8th Cir. 2006); see also United States v. Wadena, 152 F.3d 831, 848 (8th Cir. 1998) (The "indictment must reveal on its face a proper basis for joinder.").

1. **Federal Rule of Criminal Procedure 8**

   Federal Rule of Criminal Procedure 8 provides:

   > (b) **Joinder of Defendants.** The indictment . . . may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.  The defendants may be charged in one or more counts together or separately.  All defendants need not be charged in each count.

Fed. R. Crim. P. 8.

"Defendants who are jointly indicted on similar evidence from the same or related events should normally be tried together."  United States v. Doyle, 60 F.3d 396, 398 (8th Cir. 1995) (internal quotation marks, citations and brackets omitted).  "Rule 8(b) requires that there be some common activity involving all of the defendants which embraces all the charged offenses even though every defendant need not have participated in or be charged with each offense." United States v. Bledsoe, 674 F.2d 647, 656 (8th Cir. 1982); see also United States v. Andrade, 788 F.2d 521, 528-29 (8th Cir. 1986); Darden, 70 F.3d at 1527 (8th Cir. 1995) ("It is not necessary that every defendant have participated in or be charged with each offense.") (internal quotation marks, citations and brackets omitted).  "In order to be part of the 'same series of acts or transactions,' [the] acts must be part of one overall scheme about which all joined defendants knew and in which they all participated."  Bledsoe, 674 F.2d at 656 (quoting United States v. McKuin, 434 F.2d 391, 395-96 (8th Cir. 1970)).

Accepting the allegations in the superseding indictment as true, Mr. Archer and Mr. Swallow were involved in the same series of acts or transactions.

3

The indictment alleges that during the six-week period from approximately August 10, 2015, to September 21, 2015, Mr. Swallow robbed three separate casinos in Rapid City, South Dakota, and he did so by brandishing a firearm and demanding money at gunpoint. (Docket 38). Count VI alleges that on September 21, 2015, Mr. Archer and Mr. Swallow aided and abetted each other in robbing Uncle Sam's casino at gunpoint. Id. at 4. Count VII alleges Mr. Archer and Mr. Swallow aided and abetted each other in carrying and brandishing a firearm during the commission of a crime of violence. Id. at 4-5. All of the charged offenses occurred during a six-week period and stem from three separate casino robberies perpetuated by the brandishing of a firearm and demanding money at gunpoint. All involved Mr. Swallow. The court finds Mr. Archer and Mr. Swallow are properly joined as codefendants under Fed. R. Crim. P. 8(b).

2. **Federal Rule of Criminal Procedure 14**

"Under Rule 14, a district court may sever a defendant's trial from the trial of co-defendants if it appears that a defendant . . . is prejudiced by a joinder of offenses or of defendants in an indictment . . . or by such joinder for trial together." Darden, 70 F.3d at 1527 (internal quotation marks and brackets omitted). "When joinder is proper under Rule 8, the defendant seeking a severance has the burden to demonstrate how the joint trial prejudiced his or her right to a fair trial." Id. (citations omitted). The preference for joinder may be overcome only if a defendant "can show that the benefits [of joinder] are

4

outweighed by a clear likelihood of prejudice." United States v. Clay, 579 F.3d 919, 927 (8th Cir. 2009) (internal quotation marks and citations omitted).

"In order to show prejudice, a defendant must establish something more than the mere fact that his chance for acquittal would have been better had he been tried separately. [The defendant] must affirmatively demonstrate that the joint trial prejudiced his right to a fair trial." United States v. Shivers, 66 F.3d 938, 940 (8th Cir. 1995) (internal quotation marks and citations omitted). "Disparity in the weight of the evidence between the codefendants is not a sufficient reason for severance." United States v. Bordeaux, 84 F.3d 1544, 1547 (8th Cir. 1996) (citations omitted).

"To show real prejudice, the defendant must establish that '(a) his defense is irreconcilable with that of his co-defendant or (b) the jury will be unable to compartmentalize the evidence as it relates to the separate defendants.' " United States v. Davis, 534 F.3d 903, 916-17 (8th Cir. 2008) (quoting United States v. Mickelson, 378 F.3d 810, 818 (8th Cir. 2004)); see also United States v. Pherigo, 327 F.3d 690, 693 (8th Cir. 2003) (In "ruling on a motion for severance, a court must weigh the inconvenience and expense of separate trials against the prejudice resulting from a joint trial of codefendants. To grant a motion for severance, the necessary prejudice must be severe or compelling.") (citations and internal quotation marks omitted).

Mr. Archer failed to establish that a joint trial would prejudice his right to a fair trial. Mr. Archer asserts he has been prejudiced in various ways by the

delays of Mr. Swallow. Mr. Swallow has filed only two motions in the case: (1) a motion for a competency evaluation and (2) a motion for a continuance. (Dockets 9 & 31). Mr. Archer did not object to either motion.

Mr. Archer asserts his truck is in storage and he is no longer able to make storage payments due to his incarceration. (Docket 36 at p. 2). Mr. Archer argues the longer his trial date is delayed by Mr. Swallow the greater likelihood that evidence necessary for his defense, namely the truck and its contents, will be lost and his ability to defend against the charges will be unconstitutionally impaired.[1] Id. at 3. Even when the court accepts Mr. Archer's unsupported assertions as true, Mr. Archer still has the receipt for the gasoline he purchased prior to the alleged robbery available to corroborate his defense theory. (Docket 33 at p. 1). Mr. Archer's attorney or a defense investigator can investigate these claims, take pictures documenting the condition of the truck and collect the truck's contents for use at trial. Presumably these actions have been completed since they bear on a defense theory and Mr. Archer stated he is ready to proceed to trial. (Docket 36 at p. 1). Mr. Archer further asserts he has lost his residence, personal possessions and social security disability payments as a result of his pretrial detention. The court is cognizant that these types of hardships exist in criminal matters, however, they do not constitute the severe

---

[1] Mr. Archer contends he was with Mr. Swallow during the alleged September 21, 2015, robbery because his truck ran out of gas and Mr. Swallow picked him up. (Docket 33 at p. 1). Mr. Archer asserts this contention is corroborated by the fact that his truck started on fire after he put a gallon of gas in it after the alleged robbery. (Docket 36 at p. 3). The truck and its contents, therefore, are important items of evidence to Mr. Archer's defense. Id.

and compelling prejudice contemplated by Fed. R. Crim. P. 14. Mr. Archer failed to demonstrate his right to a fair trial will be prejudiced by a joint trial with Mr. Swallow.

**ORDER**

Based on the above analysis, it is

ORDERED that defendant James Archer's motion to sever (Docket 33) is denied.

IT IS FURTHER ORDERED that a scheduling order setting the case for trial shall be entered.

Dated July 26, 2016.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE